IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ROBERT OGDEN and DINA OGDEN,          :          C.A. NO. 02-3624
                Plaintiffs,          :
                                  :
               v.          :
                                  :
AMERISTEP CORPORATION, a/k/a          :
AMERISTEP, INC., et al                      :

**DEFENDANT, AMERISTEP CORPORATION A/K/A AMERISTEP, INC.'S ANSWER
TO THE AMENDED COMPLAINT OF PLAINTIFFS, ROBERT AND DINA OGDEN**

      Defendant, Ameristep Corporation a/k/a Ameristep, Inc. ("Answering Defendant") by and through its attorneys, Dickie, McCamey & Chilcote, avers the following by way of Answer to Plaintiffs' Amended Complaint:

**PARTIES**

      1.     Denied.  After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations and said allegations are therefore denied and strict proof demanded.

      2.     Admitted.

      3.     Denied.  The allegations contained in this paragraph are directed to parties other than Answering Defendant and therefore no response is required on behalf of Answering Defendant and said allegations are therefore denied and strict proof demanded.

      4.     Denied.  The allegations contained in this paragraph are directed to parties other than Answering Defendant and therefore no response is required on behalf of Answering Defendant and said allegations are therefore denied and strict proof demanded.

5.      Denied.  The allegations contained in this paragraph are directed to parties other than Answering Defendant and therefore no response is required on behalf of Answering Defendant and said allegations are therefore denied and strict proof demanded.

## JURISDICTION

6.      Admitted.

## VENUE

7.      Admitted.

## BACKGROUND

8.      Admitted in part.  Denied in part.  It is admitted that Answering Defendant was engaged in the business of selling, distributing, marketing, advertising, promoting, testing, inspecting, packaging, engineering and outsourcing the component parts of hunting equipment and safety harnesses.  It is denied that Answering Defendant physically manufactured or assembled the component parts.  It is further denied that the  plaintiff was using an Ameristep harness at the time of his November 26, 2001 accident.

9.      Denied.  The allegations contained in this paragraph are directed to parties other than Answering Defendant and therefore no response is required on behalf of Answering Defendant and said allegations are therefore denied and strict proof demanded.

10.      Denied.  The allegations contained in this paragraph are directed to parties other than Answering Defendant and therefore no response is required on behalf of Answering Defendant and said allegations are therefore denied and strict proof demanded.

11.      Denied.  The allegations contained in this paragraph are directed to parties other than Answering Defendant and therefore no response is required on behalf of Answering Defendant and said allegations are therefore denied and strict proof demanded.

12.    Admitted in part.  Denied in part.  It is admitted that Answering Defendant shipped and sold hunting equipment and safety harnesses into the Commonwealth of Pennsylvania for purchase, use, possession and/or enjoyment within the Commonwealth of Pennsylvania by Pennsylvania residents.  The remaining allegations contained in this paragraph are denied, and it is specifically denied that Answering Defendant shipped and sold hunting equipment and safety harnesses involved in or concerning this lawsuit.

13.    Denied.  Answering Defendant is unclear what the Plaintiffs mean by "held themselves out to be experts", and therefore, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and said allegations are therefore denied and strict proof demanded.

14.    Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required and said allegations are therefore denied and strict proof demanded.

15.    Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required and said allegations are therefore denied and strict proof demanded.

16.    Admitted in part.  Denied in part.  It is admitted that prior to November 26, 2001, the Defendant, Ameristep Inc. engaged in the business of selling, distributing, marketing, advertising, promoting, testing, inspecting, packaging, engineering and outsourcing the component parts of hunting equipment and safety harnesses, including Ameristep Safety Harness Model Number 222.  It is denied that Answering Defendant physically manufactured or assembled the component parts.  It is also denied that the Plaintiff purchased an Ameristep Safety

Harness Model Number 222 from the Sports Authority retail store in Exton, Pennsylvania.

17.    Admitted in part. Denied in part. It is admitted that in 1995, the Ameristep Life Line Safety Harness was manufactured by the Defendant, National Webbing (with a portion of the sub-contract being performed by an unknown company). The remaining allegations contained in this paragraph are denied.

18.    Denied. Answering Defendant does not have any records documenting sales to the Sports Authority in Exton, Pennsylvania.

19.    Admitted in part. Denied in part. It is admitted that Indiana Mills and Manufacturing, Inc. manufactured the Ameristep Life Line Safety Harness in 1996-1997. The remaining allegations contained in this paragraph are denied.

20.    Denied. Answering Defendant denies that the Plaintiff was using an Ameristep Safety Harness at the time of his November 26, 2001 accident.

21.    Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required and said allegations are therefore denied and strict proof demanded.

22.    Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required and said allegations are therefore denied and strict proof demanded.

23.    Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required and said allegations are therefore denied and strict proof demanded. Furthermore, it is specifically denied that the Plaintiff was using an Ameristep Safety Harness at the time of his November 26, 2001 accident.

**COUNT I**
**ROBERT OGDEN V. AMERISTEP, INC.**
**(NEGLIGENCE)**

24.     Answering Defendant incorporates by reference it responses to paragraphs 1 through 23 of Plaintiff's Amended Complaint as if fully set forth herein at length.

25.     Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required and said allegations are therefore denied and strict proof demanded.

26.     Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required and said allegations are therefore denied and strict proof demanded.  By way of further response, it is specifically denied that Answering Defendant was negligent, careless, grossly negligent, acted with conduct that was wanton and willful, and acted with reckless indifference.  By way of further response, Answering Defendant specifically denies that they:

      a.     Designed a safety harness, the use of which was improper and dangerous;

      b.     Designed a safety harness with stitching that it knew or should have known was going to fail with use;

      c.     Manufactured a harness with inferior materials and components;

      d.     Failed to warn Plaintiff of the dangers, risks, and/or hazards associated with the aforesaid harness and/or similar products involved herein and/or concerning this lawsuit;

      e.     Failed to properly manufacture and design the aforesaid harness and/or similar products involved herein and/or concerning this lawsuit;

f.     Failed to utilize proper stitching and materials in the manufacture of the
       aforesaid harness;

g.     Failed to obtain and give proper warnings and instructions upon the
       aforesaid harness and/or similar products involved herein and/or
       concerning this lawsuit, and/or promotional materials and/or packaging
       of same;

h.     Failed to properly manufacture and design the aforesaid harness and/or
       similar products involved herein and/or concerning this lawsuit, to prevent
       serious personal injury to the Plaintiff and/or purchasers of the product;

i.     Manufactured, distributed, and/or sold an inherently unsafe and dangerous
       product which had a tendency to cause personal injury to purchasers,
       consumers, and users, such as the Plaintiff;

j.     Failed to use available engineering skill or knowledge to produce a better
       designed product;

k.     Failed to maintain adequate records of known injuries which arose out of
       the same or comparably designed products manufactured, designed, and
       engineered, distributed, and/or sold by the Defendant;

l.     Failed to properly investigate known injuries concerning said products
       manufactured, distributed and/or sold by the Defendants;

m.     Failed to provide sufficient and adequate instructions of the dangers,
       risks and/or hazards for the said product and/or similar product involved or
       concerning this lawsuit;

n.     Failed to provide adequate warnings for the said product to purchasers,

consumers, and users such as the Plaintiff;

o.    Failed to follow accepted safety standards in the design, manufacture, engineering, promotion, advertising, testing, inspection, packaging, and/or sale of the aforesaid product;

p.    Failed to adequately test the aforesaid products for problems and/or defects involving the use of safety harnesses and failing to disseminate this information;

q.    Failed to attach required warnings and instructions under Federal, State and/or Local Laws, including without limitation the Federal Trade Commission, the Consumer Product Safety Commission, and/or other private and/or governmental agencies;

r.    Failed to bring and/or failed to attempt to bring said safety improvements, warnings, instructions or design improvements and/or safety features to the attention of known consumers, purchasers, bystanders, and/or users of the aforesaid product involved herein so as to avoid the hazards which caused Plaintiff's injuries;

s.    Failed to provide a post-sale warning to consumers, purchasers, and/or users such as the Plaintiff so as to avoid the hazards which caused the Plaintiff's injuries;

t.    Failed to recall said product involved herein after the manufacture, distribution and/or sale of the same so as to avoid the hazards which caused the Plaintiff's injuries;

u.    Failed to warn, instruct and protect foreseeable users of said product from

the risk of injuries;

v.     Failed to discharge post- sale warning to consumers, purchasers, and/or users such as the Plaintiff so as to avoid the hazards which caused the Plaintiff's injuries;

w.    Otherwise failed to regard the rights and safety of the Plaintiff herein;

x.    Otherwise was negligent, reckless, and careless.

27.   Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required and said allegations are therefore denied and strict proof demanded.

28.   Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required and said allegations are therefore denied and strict proof demanded.

29.   Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required and said allegations are therefore denied and strict proof demanded.

30.   Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required and said allegations are therefore denied and strict proof demanded.

31.   Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required and said allegations are therefore denied and strict proof demanded.

32.   Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required and said allegations are therefore denied and strict proof

demanded.

WHEREFORE, Answering Defendant demands Judgment in its favor dismissing Plaintiff's Amended Complaint and awarding costs, attorney's fees and any other damages that this Court may deem just and proper.

## COUNT II
## ROBERT OGDEN V. NATIONAL WEBBING PRODUCTS COMPANY
## (NEGLIGENCE)

33.     Answering Defendant incorporates by reference its responses to paragraphs 1 through 32 of Plaintiff's Amended Complaint as if fully set forth herein at length.

34.     Denied.  The allegations contained in this paragraph are directed to a party other than Answering Defendant and therefore no response is required on behalf of Answering Defendant and said allegations are therefore denied and strict proof demanded.

35.     Denied.  The allegations contained in this paragraph are directed to a party other than Answering Defendant and therefore no response is required on behalf of Answering Defendant and said allegations are therefore denied and strict proof demanded.

36.     Denied.  The allegations contained in this paragraph are directed to a party other than Answering Defendant and therefore no response is required on behalf of Answering Defendant and said allegations are therefore denied and strict proof demanded.

37.     Denied.  The allegations contained in this paragraph are directed to a party other than Answering Defendant and therefore no response is required on behalf of Answering Defendant and said allegations are therefore denied and strict proof demanded.

38.     Denied.  The allegations contained in this paragraph are directed to a party other than Answering Defendant and therefore no response is required on behalf of Answering

Defendant and said allegations are therefore denied and strict proof demanded.

39.    Denied.  The allegations contained in this paragraph are directed to a party other than Answering Defendant and therefore no response is required on behalf of Answering Defendant and said allegations are therefore denied and strict proof demanded.

40.    Denied.  The allegations contained in this paragraph are directed to a party other than Answering Defendant and therefore no response is required on behalf of Answering Defendant and said allegations are therefore denied and strict proof demanded.

WHEREFORE, Answering Defendant demands Judgment in its favor dismissing Plaintiff's Amended Complaint and awarding costs, attorney's fees and any other damages that this Court may deem just and proper.

## COUNT III
## ROBERT OGDEN V. INDIANA MILLS AND MANUFACTURING
## (NEGLIGENCE)

41.    Answering Defendant incorporates by reference its responses to paragraph 1 through 40 of Plaintiff's Amended Complaint as if fully set forth herein at length.

42.    Denied.  The allegations contained in this paragraph are directed to a party other than Answering Defendant and therefore no response is required on behalf of Answering Defendant and said allegations are therefore denied and strict proof demanded.

43.    Denied.  The allegations contained in this paragraph are directed to a party other than Answering Defendant and therefore no response is required on behalf of Answering Defendant and said allegations are therefore denied and strict proof demanded.

44.    Denied.  The allegations contained in this paragraph are directed to a party other than Answering Defendant and therefore no response is required on behalf of Answering

Defendant and said allegations are therefore denied and strict proof demanded.

45.     Denied.  The allegations contained in this paragraph are directed to a party other than Answering Defendant and therefore no response is required on behalf of Answering Defendant and said allegations are therefore denied and strict proof demanded.

46.     Denied.  The allegations contained in this paragraph are directed to a party other than Answering Defendant and therefore no response is required on behalf of Answering Defendant and said allegations are therefore denied and strict proof demanded.

47.     Denied.  The allegations contained in this paragraph are directed to a party other than Answering Defendant and therefore no response is required on behalf of Answering Defendant and said allegations are therefore denied and strict proof demanded.

48.     Denied.  The allegations contained in this paragraph are directed to a party other than Answering Defendant and therefore no response is required on behalf of Answering Defendant and said allegations are therefore denied and strict proof demanded.

WHEREFORE, Answering Defendant demands Judgment in its favor dismissing Plaintiff's Amended Complaint and awarding costs, attorney's fees and any other damages that this Court may deem just and proper.

## COUNT FOUR
## ROBERT OGDEN V. THE SPORTS AUTHORITY, INC.
## (NEGLIGENCE)

49.     Answering Defendant incorporates by reference its responses to paragraphs 1 through 48 of Plaintiff's Amended Complaint as if fully set forth herein at length.

50.     Denied.  The allegations contained in this paragraph are directed to a party other than Answering Defendant and therefore no response is required on behalf of Answering

Defendant and said allegations are therefore denied and strict proof demanded.

51.    Denied.  The allegations contained in this paragraph are directed to a party other than Answering Defendant and therefore no response is required on behalf of Answering Defendant and said allegations are therefore denied and strict proof demanded.

52.    Denied.  The allegations contained in this paragraph are directed to a party other than Answering Defendant and therefore no response is required on behalf of Answering Defendant and said allegations are therefore denied and strict proof demanded.

53.    Denied.  The allegations contained in this paragraph are directed to a party other than Answering Defendant and therefore no response is required on behalf of Answering Defendant and said allegations are therefore denied and strict proof demanded.

54.    Denied.  The allegations contained in this paragraph are directed to a party other than Answering Defendant and therefore no response is required on behalf of Answering Defendant and said allegations are therefore denied and strict proof demanded.

55.    Denied.  The allegations contained in this paragraph are directed to a party other than Answering Defendant and therefore no response is required on behalf of Answering Defendant and said allegations are therefore denied and strict proof demanded.

56.    Denied.  The allegations contained in this paragraph are directed to a party other than Answering Defendant and therefore no response is required on behalf of Answering Defendant and said allegations are therefore denied and strict proof demanded.

WHEREFORE, Answering Defendant demands Judgment in its favor dismissing Plaintiff's Amended Complaint and awarding costs, attorney's fees and any other damages that this Court may deem just and proper.

## COUNT FIVE
## ROBERT OGDEN V. AMERISTEP, INC.
## (STRICT LIABILITY)

57.     Answering Defendant incorporates by reference its response to paragraphs 1 through 56 of Plaintiff's Amended Complaint as if fully set forth herein at length.

58.     Admitted in part.  Denied in part.  It is admitted that Answering Defendant was engaged in the business of selling, distributing, marketing, advertising, promoting, testing, inspecting, packaging, engineering and outsourcing the component parts of hunting equipment and safety harnesses, including Safety Harness Model Number 222.  It is denied that Answering Defendant physically manufactured or assembled the component parts at all relevant times hereto.  Furthermore, it is the position of Answering Defendant that the safety harness the Plaintiff was using on November 26, 2001, was not an Ameristep safety harness.

59.     Denied.  It is the position of Answering Defendant that the safety harness the Plaintiff was using on November 26, 2001 was not manufactured, distributed, sold and/or placed into the stream of commerce by the Answering Defendant.  The remaining allegations contained in this paragraph constitute conclusions of law to which no response is required and said allegations are therefore denied and strict proof demanded.  By way of further response, Answering Defendant specifically denies that it:

        a.     Designed a safety harness for use that was improper and dangerous;

        b.     Designed a safety harness for use with improper and/or inadequate stitching;

        c.     Designed a safety harness with stitching that was known or should have been known to fail.

d.    Manufactured and/or sold or distributed a product which was in a defective condition;

e.    Failed to inspect the product to discover the defective condition;

f.    Failed to warn or advise individuals and/or users such as the Plaintiff, of the defective condition of which the Defendant was aware;

g.    Sold or distributed the product without reasonable, adequate, sufficient and proper testing and inspection thereof;

h.    Failed to test, inspect and examine the product when the Defendant knew that danger and injuries could result to users, including the Plaintiff, when used for its intended purpose;

i.    Failed to manufacture and/or test, inspect and examine the product in conformity with the applicable standards of the industry;

j.    Failed to correct the defective condition of said product and/or similar products concerned in this lawsuit;

k.    Failed to employ or hire adequate personnel to properly inspect, test and/or examine the product involved herein before its sale or distribution to users, including the Plaintiff;

l.    Manufactured, sold, and/or distributed a product which was a defective product without giving reasonable warnings of the latent dangers reasonably foreseeable in the user thereof of the product and/or similar products concerned in this lawsuit;

m.    Failed to disclose or warn of the defect in said product and/or similar products concerned in this lawsuit to users such as the Plaintiff;

      n.      Failed to install and/or provide proper and adequate safety devices and/or safeguards for the product;

      o.      Failed to produce adequate, suitable, sufficient, safe, and proper directions for use and/or installation of said product;

      p.      Failed to install, equip or provide the product with caution stickers, markers or labels warning the user of hazards involved in the use of the products;

      q.      Failed to employ or hire adequate personnel to safely and properly manufacture, design, engineer and/or assemble the product;

      r.      Failed to properly supervise the assembly and/or inspection of the product before its sale or distribution to users, including the Plaintiff;

      s.      Lacked any safety devices, sufficient warnings, or sufficient instructions to make the inherently dangerous product involved herein safe and/or to protect the consumer such as the Plaintiff against injuries;

      t.      Otherwise failed to regard the rights and safety of Plaintiff herein.

60.    Denied. It is Answering Defendant's position that the safety harness the Plaintiff was using on November 26, 2001 was not an Ameristep Safety Harness.

61.    Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required and said allegations are therefore denied and strict proof demanded.

WHEREFORE, Answering Defendant demands Judgment in its favor dismissing Plaintiff's Amended Complaint and awarding costs, attorney's fees and any other damages that this Court may deem just and proper.

**COUNT SIX**
**ROBERT OGDEN V. NATIONAL WEBBING PRODUCTS COMPANY**
**(STRICT LIABILITY)**

62.    Answering Defendant incorporates by reference its responses to paragraphs 1 through 61 of Plaintiff's Amended Complaint as if fully set forth herein at length.

63.    Denied.  The allegations contained in this paragraph are directed to a party other than Answering Defendant and therefore no response is required on behalf of Answering Defendant and said allegations are therefore denied and strict proof demanded.

64.    Denied.  The allegations contained in this paragraph are directed to a party other than Answering Defendant and therefore no response is required on behalf of Answering Defendant and said allegations are therefore denied and strict proof demanded.

65.    Denied.  The allegations contained in this paragraph are directed to a party other than Answering Defendant and therefore no response is required on behalf of Answering Defendant and said allegations are therefore denied and strict proof demanded.

66.    Denied.  The allegations contained in this paragraph are directed to a party other than Answering Defendant and therefore no response is required on behalf of Answering Defendant and said allegations are therefore denied and strict proof demanded.

WHEREFORE, Answering Defendant demands Judgment in its favor dismissing Plaintiff's Amended Complaint and awarding costs, attorney's fees and any other damages that this Court deems just and proper.

**COUNT SEVEN**
**ROBERT OGDEN V. INDIANA MILL AND MANUFACTURING, INC.**
**(STRICT LIABILITY)**

67.    Answering Defendant incorporates by reference its responses to paragraphs 1 through 66 as if fully set forth herein at length.

68.    Denied.  The allegations contained in this paragraph are directed to a party other than Answering Defendant and therefore no response is required on behalf of Answering Defendant and said allegations are therefore denied and strict proof demanded.

69.    Denied.  The allegations contained in this paragraph are directed to a party other than Answering Defendant and therefore no response is required on behalf of Answering Defendant and said allegations are therefore denied and strict proof demanded.

70.    Denied.  The allegations contained in this paragraph are directed to a party other than Answering Defendant and therefore no response is required on behalf of Answering Defendant and said allegations are therefore denied and strict proof demanded.

71.    Denied.  The allegations contained in this paragraph are directed to a party other than Answering Defendant and therefore no response is required on behalf of Answering Defendant and said allegations are therefore denied and strict proof demanded.

WHEREFORE, Answering Defendant demands Judgment in its favor dismissing Plaintiff's Amended Complaint and awarding costs, attorney's fees and any other damages that this Court deems just and proper.

**COUNT EIGHT**
**ROBERT OGDEN V. THE SPORTS AUTHORITY, INC.**
**(STRICT LIABILITY)**

72.    Answering Defendant incorporates by reference its responses to paragraphs 1

through 71 as if fully set forth herein at length.

73.     Denied.  The allegations contained in this paragraph are directed to a party other than Answering Defendant and therefore no response is required on behalf of Answering Defendant and said allegations are therefore denied and strict proof demanded.

74.     Denied.  The allegations contained in this paragraph are directed to a party other than Answering Defendant and therefore no response is required on behalf of Answering Defendant and said allegations are therefore denied and strict proof demanded.

75.     Denied.  The allegations contained in this paragraph are directed to a party other than Answering Defendant and therefore no response is required on behalf of Answering Defendant and said allegations are therefore denied and strict proof demanded.

76.     Denied.  The allegations contained in this paragraph are directed to a party other than Answering Defendant and therefore no response is required on behalf of Answering Defendant and said allegations are therefore denied and strict proof demanded.

WHEREFORE, Answering Defendant demands Judgment in its favor dismissing Plaintiff's Amended Complaint and awarding costs, attorney's fees and any other damages that this Court deems just and proper.

## COUNT NINE
## ROBERT OGDEN V. AMERISTEP, INC.
## (BREACH OF WARRANTIES)

77.     Answering Defendant incorporates by reference its responses to paragraphs 1 through 76 as if fully set forth herein at length.

78.     Denied.  It is Answering Defendants position that the Plaintiff was not using an Ameristep Safety Harness at the time of his November 26, 2001 accident.  The remaining

allegations contained in this paragraph constitute conclusions of law to which no response is required and said allegations are therefore denied and strict proof demanded.

79.    Denied.  It is Answering Defendants position that the Plaintiff was not using an Ameristep Safety Harness at the time of his November 26, 2001 accident.  The remaining allegations contained in this paragraph constitute conclusions of law to which no response is required and said allegations are therefore denied and strict proof demanded.

80.    Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required and said allegations are therefore denied and strict proof demanded.

WHEREFORE, Answering Defendant demands Judgment in its favor dismissing Plaintiff's Amended Complaint and awarding costs, attorney's fees and any other damages that this Court deems just and proper.

## COUNT TEN
## ROBERT OGDEN V. NATIONAL WEBBING PRODUCTS COMPANY
## (BREACH OF WARRANTIES)

81.    Answering Defendant incorporates by reference its responses to paragraphs 1 through 80 as if fully set forth herein at length.

82.    Denied.  The allegations contained in this paragraph are directed to a party other than Answering Defendant and therefore no response is required on behalf of Answering Defendant and said allegations are therefore denied and strict proof demanded.

83.    Denied.  The allegations contained in this paragraph are directed to a party other than Answering Defendant and therefore no response is required on behalf of Answering Defendant and said allegations are therefore denied and strict proof demanded.

84.    Denied.  The allegations contained in this paragraph are directed to a party other than Answering Defendant and therefore no response is required on behalf of Answering Defendant and said allegations are therefore denied and strict proof demanded.

WHEREFORE, Answering Defendant demands Judgment in its favor dismissing Plaintiff's Amended Complaint and awarding costs, attorney's fees and any other damages that this Court deems just and proper.

### COUNT ELEVEN
### ROBERT OGDEN V. INDIANA MILLS AND MANUFACTURING, INC.
### (BREACH OF WARRANTIES)

85.    Answering Defendant incorporates by reference its responses to paragraphs 1 through 84 as if fully set forth herein at length.

86.    Denied.  The allegations contained in this paragraph are directed to a party other than Answering Defendant and therefore no response is required on behalf of Answering Defendant and said allegations are therefore denied and strict proof demanded.

87.    Denied.  The allegations contained in this paragraph are directed to a party other than Answering Defendant and therefore no response is required on behalf of Answering Defendant and said allegations are therefore denied and strict proof demanded.

88.    Denied.  The allegations contained in this paragraph are directed to a party other than Answering Defendant and therefore no response is required on behalf of Answering Defendant and said allegations are therefore denied and strict proof demanded.

WHEREFORE, Answering Defendant demands Judgment in its favor dismissing Plaintiff's Amended Complaint and awarding costs, attorney's fees and any other damages that this Court deems just and proper.

**COUNT TWELVE**
**ROBERT OGDEN V. THE SPORTS AUTHORITY, INC.**
**(BREACH OF WARRANTIES)**

89.     Answering Defendant incorporates by reference its responses to paragraph 1 through 88 as if fully set forth herein at length.

90.     Denied.  The allegations contained in this paragraph are directed to a party other than Answering Defendant and therefore no response is required on behalf of Answering Defendant and said allegations are therefore denied and strict proof demanded.

91.     Denied.  The allegations contained in this paragraph are directed to a party other than Answering Defendant and therefore no response is required on behalf of Answering Defendant and said allegations are therefore denied and strict proof demanded.

92.     Denied.  The allegations contained in this paragraph are directed to a party other than Answering Defendant and therefore no response is required on behalf of Answering Defendant and said allegations are therefore denied and strict proof demanded.

WHEREFORE, Answering Defendant demands Judgment in its favor dismissing Plaintiff's Amended Complaint and awarding costs, attorney's fees and any other damages that this Court deems just and proper.

**COUNT THIRTEEN**
**ROBERT OGDEN V. AMERISTEP, INC.**
**(MISREPRESENTATION)**

93.     Answering Defendant incorporates by reference its responses to paragraph 1 through 92 as if fully set forth herein at length.

94.     Denied.  It is Answering Defendant's position that the Plaintiff was not using an

Ameristep Safety Harness at the time of his November 26, 2001 accident. The remaining allegations contained in this paragraph constitute conclusions of law to which no response is required and said allegations are therefore denied and strict proof demanded.

95.    Denied. It is Answering Defendant's position that the Plaintiff was not using an Ameristep Safety Harness at the time of his November 26, 2001 accident. The remaining allegations contained in this paragraph constitute conclusions of law to which no response is required and said allegations are therefore denied and strict proof demanded.

96.    Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required and said allegations are therefore denied and strict proof demanded.

97.    Denied. It is Answering Defendant's position that the Plaintiff was not using an Ameristep Safety Harness at the time of his November 26, 2001 accident. Furthermore, at the time of his November 26, 2001 accident, the Plaintiff was not using the safety harness in the manner in which it was intended and expected to be used.

98.    Denied. The allegations contained in this paragraph constitute conclusions of law to which no response is required and said allegations are therefore denied and strict proof demanded.

WHEREFORE, Answering Defendant demands Judgment in its favor dismissing Plaintiff's Amended Complaint and awarding costs, attorney's fees and any other damages that this Court deems just and proper.

**COUNT FOURTEEN**
**ROBERT OGDEN V. THE SPORTS AUTHORITY, INC.**
**(MISREPRESENTATION)**

99.     Answering Defendant incorporates by reference its responses to paragraphs 1 through 98 as if fully set forth herein at length.

100.     Denied.  The allegations contained in this paragraph are directed to a party other than Answering Defendant and therefore no response is required on behalf of Answering Defendant and said allegations are therefore denied and strict proof demanded.

101.     Denied.  The allegations contained in this paragraph are directed to a party other than Answering Defendant and therefore no response is required on behalf of Answering Defendant and said allegations are therefore denied and strict proof demanded.

102.     Denied.  The allegations contained in this paragraph are directed to a party other than Answering Defendant and therefore no response is required on behalf of Answering Defendant and said allegations are therefore denied and strict proof demanded.

103.     Denied.  The allegations contained in this paragraph are directed to a party other than Answering Defendant and therefore no response is required on behalf of Answering Defendant and said allegations are therefore denied and strict proof demanded.

104.     Denied.  The allegations contained in this paragraph are directed to a party other than Answering Defendant and therefore no response is required on behalf of Answering Defendant and said allegations are therefore denied and strict proof demanded.

WHEREFORE, Answering Defendant demands Judgment in its favor dismissing Plaintiff's Amended Complaint and awarding costs, attorney's fees and any other damages that this Court deems just and proper.

## COUNT FIFTEEN
## ROBERT OGDEN V. AMERISTEP, INC.
## (PUNITIVE DAMAGES)

105.    Answering Defendant incorporates by reference its responses to paragraphs 1 through 104 as if fully set forth herein at length.

106.    Denied.  It is Answering Defendant's position that the Plaintiff was not using an Ameristep Safety Harness at the time of his November 26, 2001 accident.

107.    Denied.  It is Answering Defendant's position that the Plaintiff was not using an Ameristep Safety Harness at the time of his November 26, 2001 accident.  The remaining allegations contained in this paragraph constitute conclusions of law to which no response is required and said allegations are therefore denied and strict proof demanded.

108.    Denied.  The allegations contained in this paragraph constitute conclusions of law to which no response is required and said allegations are therefore denied and strict proof demanded.

WHEREFORE, Answering Defendant demands Judgment in its favor dismissing Plaintiff's Amended Complaint and awarding costs, attorney's fees and any other damages that this Court deems just and proper.

## COUNT SIXTEEN
## ROBERT OGDEN V. NATIONAL WEBBING PRODUCTS COMPANY
## (PUNITIVE DAMAGES)

109.    Answering Defendant incorporates by reference it responses to paragraphs 1 through 108 as if fully set forth herein at length.

110.    Denied.  The allegations contained in this paragraph are directed to a party other than Answering Defendant and therefore no response is required on behalf of Answering

Defendant and said allegations are therefore denied and strict proof demanded.

111.    Denied.  The allegations contained in this paragraph are directed to a party other than Answering Defendant and therefore no response is required on behalf of Answering Defendant and said allegations are therefore denied and strict proof demanded.

112.    Denied.  The allegations contained in this paragraph are directed to a party other than Answering Defendant and therefore no response is required on behalf of Answering Defendant and said allegations are therefore denied and strict proof demanded.

WHEREFORE, Answering Defendant demands Judgment in its favor dismissing Plaintiff's Amended Complaint and awarding costs, attorney's fees and any other damages that this Court deems just and proper.

## COUNT SEVENTEEN
## ROBERT OGDEN V. INDIANA MILLS AND MANUFACTURING, INC.
### (PUNITIVE DAMAGES)

113.    Answering Defendant incorporates by reference its responses to paragraphs 1 through 112 as if fully set forth herein at length.

114.    Denied.  The allegations contained in this paragraph are directed to a party other than Answering Defendant and therefore no response is required on behalf of Answering Defendant and said allegations are therefore denied and strict proof demanded.

115.    Denied.  The allegations contained in this paragraph are directed to a party other than Answering Defendant and therefore no response is required on behalf of Answering Defendant and said allegations are therefore denied and strict proof demanded.

116.    Denied.  The allegations contained in this paragraph are directed to a party other than Answering Defendant and therefore no response is required on behalf of Answering

Defendant and said allegations are therefore denied and strict proof demanded.

WHEREFORE, Answering Defendant demands Judgment in its favor dismissing Plaintiff's Amended Complaint and awarding costs, attorney's fees and any other damages that this Court deems just and proper.

## COUNT EIGHTEEN
## ROBERT OGDEN V. THE SPORTS AUTHORITY, INC.
## (PUNITIVE DAMAGES)

117.    Answering Defendant incorporates by reference its responses to paragraphs 1 through 116 as if fully set forth herein at length.

118.    The allegations contained in this paragraph are directed to a party other than Answering Defendant and therefore no response is required on behalf of Answering Defendant and said allegations are therefore denied and strict proof demanded.

119.    The allegations contained in this paragraph are directed to a party other than Answering Defendant and therefore no response is required on behalf of Answering Defendant and said allegations are therefore denied and strict proof demanded.

120.    The allegations contained in this paragraph are directed to a party other than Answering Defendant and therefore no response is required on behalf of Answering Defendant and said allegations are therefore denied and strict proof demanded.

WHEREFORE, Answering Defendant demands Judgment in its favor dismissing Plaintiff's Amended Complaint and awarding costs, attorney's fees and any other damages that this Court deems just and proper.

## COUNT NINETEEN
## DINA OGDEN V. AMERISTEP, INC.
### (LOSS OF CONSORTIUM)

121.     Answering Defendant incorporates by reference its responses to paragraphs 1 through 120 as if fully set forth herein at length.

122.     Denied.  After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies same and demands strict proof of each and every allegation.

123.     Denied.  After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny same and demand strict proof of each and every allegation.

WHEREFORE, Answering Defendant demands Judgment in its favor dismissing Plaintiff's Amended Complaint and awarding costs, attorney's fees and any other damages that this Court deems just and proper.

## COUNT TWENTY
## DINA OGDEN V. NATIONAL WEBBING PRODUCTS COMPANY
### (LOSS OF CONSORTIUM)

124.     Answering Defendant incorporates by reference its responses to paragraphs 1 through 123 as if fully set forth herein at length.

125.     Denied.  The allegations contained in this paragraph are directed to a party other than Answering Defendant and therefore no response is required on behalf of Answering Defendant and said allegations are therefore denied and strict proof demanded.

126.     Denied.  The allegations contained in this paragraph are directed to a party other than Answering Defendant and therefore no response is required on behalf of Answering

Defendant and said allegations are therefore denied and strict proof demanded.

WHEREFORE, Answering Defendant demands Judgment in its favor dismissing Plaintiff's Amended Complaint and awarding costs, attorney's fees and any other damages that this Court deems just and proper.

## COUNT TWENTY-ONE
## DINA OGDEN V. INDIANA MILLS AND MANUFACTURING COMPANY
### (LOSS OF CONSORTIUM)

127.    Answering Defendant incorporates by reference its responses to paragraphs 1 through 126 as if fully set forth herein at length.

128.    Denied.  The allegations contained in this paragraph are directed to a party other than Answering Defendant and therefore no response is required on behalf of Answering Defendant and said allegations are therefore denied and strict proof demanded.

129.    Denied.  The allegations contained in this paragraph are directed to a party other than Answering Defendant and therefore no response is required on behalf of Answering Defendant and said allegations are therefore denied and strict proof demanded.

WHEREFORE, Answering Defendant demands Judgment in its favor dismissing Plaintiff's Amended Complaint and awarding costs, attorney's fees and any other damages that this Court deems just and proper.

## COUNT TWENTY-TWO
## DINA OGDEN V. THE SPORTS AUTHORITY, INC.
### (LOSS OF CONSORTIUM)

130.    Answering Defendant incorporates by reference its responses to paragraphs 1 through 129 as if fully set forth herein at length.

131.    Denied.  The allegations contained in this paragraph are directed to a party other than Answering Defendant and therefore no response is required on behalf of Answering Defendant and said allegations are therefore denied and strict proof demanded.

132.    Denied.  The allegations contained in this paragraph are directed to a party other than Answering Defendant and therefore no response is required on behalf of Answering Defendant and said allegations are therefore denied and strict proof demanded.

WHEREFORE, Answering Defendant demands Judgment in its favor dismissing Plaintiff's Amended Complaint and awarding costs, attorney's fees and any other damages that this Court deems just and proper.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Plaintiff's Amended Complaint fails to state a cause of action against Answering Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

If Plaintiff sustained any damages and/or injuries as alleged, which is expressly denied, said damages and/or injuries were proximately caused by Plaintiff's own negligence and Plaintiff's claims should, therefore, be barred by, or should be reduced in accordance with, the doctrine of comparative negligence.

### THIRD AFFIRMATIVE DEFENSE

If Plaintiff sustained any damages and/or injuries as alleged, which is expressly denied, said damages and/or injuries were proximately caused by the acts, errors, omissions, negligence and/or products of others for which Answering Defendant is neither liable nor responsible.

## FOURTH AFFIRMATIVE DEFENSE

The product that allegedly injured or damaged the Plaintiff on November 26, 2001 was not designed, manufactured, assembled, packaged, sold, distributed, advertised, installed, serviced, prepared, maintained, or in any way handled by Answering Defendant.

## FIFTH AFFIRMATIVE DEFENSE

If any product made by Answering Defendant was involved herein as alleged, which is expressly denied, Plaintiff and/or other parties stood in a position of equal knowledge to Answering Defendant regarding the hazards, if any, inherent in the product. Answering Defendant, therefore, owed no duty and breached no duty to warn with respect to any product at issue, which was neither unreasonably dangerous nor defective by virtue of any alleged absence of warning or instructions.

## SIXTH AFFIRMATIVE DEFENSE

If any product manufactured by Answering Defendant was involved herein as alleged, which is expressly denied, at all times material and relevant hereto, such product conformed to or exceeded the applicable state of the art, knowledge, industry standards, customs and any State and/or Federal statutory and regulatory requirements.

## SEVENTH AFFIRMATIVE DEFENSE

If any product manufactured by Answering Defendant was involved herein as alleged, which is expressly denied, said product may have been materially and substantially changed and/or altered after it left Answering Defendant's possession and control.

## EIGHTH AFFIRMATIVE DEFENSE

If any product manufactured by Answering Defendant was involved herein as alleged, which is expressly denied, Plaintiff's recovery should be barred and reduced by virtue of Plaintiff

having knowingly and voluntarily assumed the risk of injury which Plaintiff allegedly sustained.

### NINTH AFFIRMATIVE DEFENSE

If any product manufactured by Answering Defendant were involved herein as alleged, which is expressly denied, any damages and/or injuries allegedly sustained by Plaintiff were directly and proximately caused by independent, intervening and/or superseding proximate causes, including, but not limited to, the tortuous conduct of others which was unforeseeable to Answering Defendant.

### TENTH AFFIRMATIVE DEFENSE

If any product manufactured by Answering Defendant was involved herein as alleged, which is expressly denied, said product was used in a manner or for a purpose not intended by Answering Defendant and not in accordance with the instructions and/or warnings provided, nor with known safety practices.

### ELEVENTH AFFIRMATIVE DEFENSE

The claims of Plaintiff may be barred by the applicable statute of limitations.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff may have failed to take appropriate steps to avoid and/or mitigate his damages.

### THIRTIETH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails to state a cause of action against Answering Defendant for a breach of warranty.

### FOURTEENTH AFFIRMATIVE DEFENSE

If it should be proven that any warranties were extended and breached by Answering Defendant, which is expressly denied, Plaintiff failed to establish that he gave timely notice of the alleged breach of warranty.

## FIFTEENTH AFFIRMATIVE DEFENSE

Any beach of warranty claimed against Answering Defendant, whether express or implied, are barred on the following grounds:

a.      There is no privity of contract between Plaintiff and Answering Defendant;

b.      Timely or adequate notice of any alleged breach of warranty was not given to Answering Defendant;

c.      Plaintiff did not reasonably rely on any alleged warranty;

d.      Plaintiff failed to satisfy all conditions precedent or subsequent to the enforcement of such warranties;

e.      The claims are based on a warranty not expressly printed on the package which accompanied the product;

f.      The warranty was appropriately disclaimed, excluded or modified;

g.      Answering Defendant made no warranties, express or otherwise to Plaintiff.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because they are based upon injuries allegedly caused by inherent characteristics of the product, which are generic aspects of the product that cannot be eliminated without substantially compromising the products usefulness or desirability.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Answering Defendant cannot be held liable for compensatory or punitive damages under a breach of warranty theory.

## EIGHTEENTH AFFIRMATIVE DEFENSE

If it should be proven that Plaintiff suffered any damages and/or injuries and that any warranties were made by Answering Defendant and are applicable, which is expressly denied,

said damages and/or injuries occurred outside of the scope and/or effective period of Answering Defendant's warranties.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails to state a cause of action in strict liability.

### TWENTIETH AFFIRMATIVE DEFENSE

Answering Defendant cannot be held strictly liable in this case.

### TWENTY FIRST AFFIRMATIVE DEFENSE

The damages claimed by Plaintiff are not recoverable, in whole or in part, under the laws of the Commonwealth of Pennsylvania.

### TWENTY SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred by reason of the doctrine of laches, waiver or estoppel.

### TWENTY THIRD AFFIRMATIVE DEFENSE

The Plaintiff cannot recover from Answering Defendant under a theory of misrepresentation and/or fraudulent concealment in this case.

### TWENTY FOURTH AFFIRMATIVE DEFENSE

Other parties stood in the position of learned intermediary between Plaintiff and Answering Defendant.   Answering Defendant, therefore, did not breach any duty to warn and any product of Answering Defendant, if identified as having caused or contributed to Plaintiff's alleged damages and/or injuries, which is expressly denied, was therefore neither unreasonably dangerous nor defective.

### TWENTY FIFTH AFFIRMATIVE DEFENSE

If a product manufactured by Answering Defendant is identified as having caused or contributed to Plaintiff's damages and/or injuries, which is expressly denied, then Answering

Defendant evokes the "bulk supplier" and the "sophisticated user" defenses and avers that it owed no duty to Plaintiff because the product in question reached Plaintiff through persons and/or entities other than Answering Defendant, which persons and/or distributors of said products, knew of the properties, uses and potential hazards of said products and/or handled, sold, distributed and/or allowed Plaintiff to use and/or become exposed to said products after they were packaged or repackaged and/or labeled or re-labeled by them or someone else, other than Answering Defendant.

## TWENTY SIXTH AFFIRMATIVE DEFENSE

If a product manufactured by Answering Defendant is identified as having caused or contributed to Plaintiff's damages and/or injuries, which is expressly denied, then the state of the scientific knowledge and/or published literature and other materials reflecting such state of the scientific knowledge at all times relevant hereto was such that Answering Defendant neither knew nor could have known that such product represented a foreseeable risk of harm in the normal and expected use of said product.

## TWENTY SEVENTH AFFIRMATIVE DEFENSE

If so far as, and to the extent, any injuries, losses and/or damages to Plaintiff were the result, in whole or in part, of any ordinary disease of life, idiosyncratic reaction or some other circumstance, event or exposure, responsibility for damages to the extent thereof must be apportioned and allocated, in whole or in part, to such causes pursuant to Section 433(a) of the Restatement (2nd) of Torts.

## TWENTY EIGHTH AFFIRMATIVE DEFENSE

Any claims against Answering Defendant for punitive damages are barred by the Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

## TWENTY NINTH AFFIRMATIVE DEFENSE

Any award of punitive damages would be in violation of Answering Defendant's rights under the United States Constitution and the applicable Commonwealth Constitution, as the standards for imposing punitive damages under the law are vague, arbitrary, ambiguous and do not define with sufficient clarity what prohibitive conduct or mental state gives rise to such claims.

## THIRTIETH AFFIRMATIVE DEFENSE

Any award of punitive damages, absent proof of every element by clear and convincing evidence, would be in violation of Answering Defendant's due process under the United States Constitution and the applicable Commonwealth Constitution.

## THIRTY FIRST AFFIRMATIVE DEFENSE

Any award of punitive damages, absent proof of any element beyond a reasonable doubt, would be in violation of Answering Defendant's rights under the United States Constitution and the substantially similar provisions of the applicable Commonwealth Constitution.

## THIRTY SECOND AFFIRMATIVE DEFENSE

Any award of punitive damages absent bifurcating the trial as to the issues of compensatory and punitive damages would be in violation of Answering Defendant's right to due process under the United States Constitution and the applicable Commonwealth Constitution.

## THIRTY THIRD AFFIRMATIVE DEFENSE

Any award of punitive damages would be in violation of Answering Defendant's right to due process under the United States Constitution and the applicable Commonwealth Constitution as it would fail to protect Answering Defendant against multiple punishments for the same allegedly wrongful conduct in the future.

## THIRTY FOURTH AFFIRMATIVE DEFENSE

Because there are no meaningful standards for determining whether punitive damages are appropriate under the applicable Commonwealth Law, any claim for punitive damages cannot be sustained in this case. Therefore, any award of punitive damages in this action would be in violation of Answering Defendant's due process rights under the United States Constitution and the applicable Commonwealth Constitution.

## THIRTY FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails to set forth a basis for punitive damages.

## THIRTY SIXTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages are the result of pre-existing conditions, which are unrelated to the conduct of, or any product manufactured by Answering Defendant.

## THIRTY SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries were the result of his failure to follow the directions and warnings contained on the product.

## THIRTY EIGHTH AFFIRMATIVE DEFENSE

The injuries and damages, if any, which Plaintiff claims to have sustained were caused in whole or in part by the negligence of Plaintiff, and any recovery to which Plaintiff may be entitled is limited or barred by the applicability of the Pennsylvania Comparative Negligence Act 42 Pennsylvania Consolidated Statutes Annotated Section 7102.

## THIRTY NINTH AFFIRMATIVE DEFENSE

The injuries and damages sustained by Plaintiff were not proximately or substantially caused by any act or omission of Answering Defendant.

## FORTIETH AFFIRMATIVE DEFENSE

Any act or omission of Answering Defendant was not a proximate or substantial cause of Plaintiff's injuries or damages.

## FORTY FIRST AFFIRMATIVE DEFENSE

At all times relevant hereto, Answering Defendant's products contained appropriate labeling and warnings, and when used in accordance with the directions and warnings provided, Answering Defendant's products were safe and did not produce the adverse health conditions allegedly sustained by Plaintiff.

## FORTY SECOND AFFIRMATIVE DEFENSE

Answering Defendant's products are safe for its intended purpose when used in accordance with the directions and warnings provided

## FORTY THIRD AFFIRMATIVE DEFENSE

Answering Defendant is entitled to all set offs available under the law.

## FORTY FOURTH AFFIRMATIVE DEFENSE

Answering Defendant incorporates and adopts by reference, as though fully set forth herein, any affirmative defenses stated by any other defendant in Answer to Plaintiff's Amended Complaint, to the extent that such defenses are not factually inconsistent with Answering Defendant's position.

## FORTY FIFTH AFFIRMATIVE DEFENSE

Answering Defendant reserves the right to amend its New Matter to raise additional affirmative defenses in the future.

WHEREFORE, Answering Defendant demands Judgment in its favor and against Plaintiff and against all other Defendants, together with costs and expenses of this action, along with such further and additional relief as the Court shall deem just and appropriate.

**CROSS CLAIMS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 13(g)**

133.    Answering Defendant incorporates by reference its responses to paragraphs 1 through 132 as if fully set forth herein at length.

134.    If Answering Defendant is held liable to Plaintiff, the existence of any such liability being expressly denied, then such liability is a result of the negligence, carelessness, gross negligence, recklessness, willful and wanton misconduct, reckless indifference, and intentional conduct of Co-Defendants, National Webbing Products Company, The Sports Authority, Inc. and Indiana Mills and Manufacturing, Inc. d/b/a Indiana Marine Company, which are alone liable to the Plaintiff, jointly and severally liable to the Plaintiff or liable to Answering Defendant by way of contribution and/or indemnity.

WHEREFORE, Answering Defendant demands Judgment holding Co-Defendants, National Webbing Products Company, The Sports Authority, Inc., and Indiana Mills and Manufacturing, Inc. d/b/a Indiana Marine Company alone liable to the Plaintiff, jointly and severally liable or liable over to Answering Defendant by way of contribution and/or indemnity.

DICKIE, McCAMEY & CHILCOTE


By:_____
Adam Sonn, Esquire
Attorney for Defendant, Ameristep
Corporation a/k/a/ Ameristep, Inc.