**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ROBERT OGDEN, and | : | |
| DINA OGDEN, husband and wife | : | |
| | : | |
| Plaintiffs, | : | CIVIL ACTION NO. 02-3624 |
| | : | |
| vs. | : | |
| | : | |
| AMERISTEP CORPORATION, a/k/a | : | |
| AMERISTEP, INC.; NATIONAL | : | |
| WEBBING PRODUCTS CO.; | : | |
| THE SPORTS AUTHORITY, INC.; and | : | |
| INDIANA MILLS & MANUFACTURING, | : | |
| INC., d/b/a INDIANA MARINE CO. | : | |
| | : | |
| Defendants. | : | |

**ANSWER OF DEFENDANT THE SPORTS AUTHORITY, INC. TO PLAINTIFFS'**
**AMENDED COMPLAINT WITH AMENDED AFFIRMATIVE DEFENSES**
**AND CROSSCLAIM**

Defendant, The Sports Authority, Inc., (hereinafter "answering defendant"), by and through

its attorneys, Rawle & Henderson LLP hereby submits the following Answer to Amended Complaint

of Plaintiff, with New Matter and New Matter Crossclaims, as follows:

**PARTIES**

1.      Denied.  After reasonable investigation, answering defendant is without knowledge or

knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph

and demands strict proof thereof at the time of trial.

2.      Denied.  After reasonable investigation, answering defendant is without knowledge or

knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph

and demands strict proof thereof at the time of trial.

3.      Denied.  After reasonable investigation, answering defendant is without knowledge or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and demands strict proof thereof at the time of trial.

4.      Admitted.

5.      Denied.  After reasonable investigation, answering defendant is without knowledge or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and demands strict proof thereof at the time of trial.

## JURISDICTION

6.      Denied.  After reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and demands strict proof thereof at the time of trial.

## VENUE

7.      Denied.  After reasonable investigation, answering defendant is without knowledge or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and demands strict proof thereof at the time of trial.  As to the remaining allegations in this paragraph, same are denied as legal conclusions to which no response is required.

## BACKGROUND

8.      Denied.  After reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and demands strict proof thereof at the time of trial.

9.      Denied.  After reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and demands strict proof thereof at the time of trial.

10.     Denied.  After reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and demands strict proof thereof at the time of trial.

11.     Admitted in part; denied in part.  It is admitted only that answering defendant sold certain hunting equipment and safety harnesses for use in hunting in 1996, when the product is alleged to have been purchased by the plaintiff.  With regard to the remaining allegations in this paragraph, after reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and demands strict proof thereof at the time of trial.

12.     Admitted in part; denied in part.  It is admitted only that answering defendant sold certain hunting equipment and safety harnesses for use in hunting in 1996, at certain stores within the Commonwealth of Pennsylvania.  With regard to the remaining allegations in this paragraph, after reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and demands strict proof thereof at the time of trial.

13.     Denied.  It is specifically denied that answering defendant held itself out to be an expert "concerning design, manufacture, sale, distribution, marketing, advertising, promotion, testing, inspection, packaging, assembling and maintaining hunting equipment and safety harnesses and similar products . . ." at any time material.  With regard to the remaining allegations in this

paragraph, after reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and demands strict proof thereof at the time of trial.

14.     Denied.

15.     Denied.  The allegations contained in this paragraph are denied as conclusions of law to which no response is required.

16.     Denied.  After reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and demands strict proof thereof at the time of trial.

17.     Denied.  After reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and demands strict proof thereof at the time of trial.

18.     Admitted in part; denied in part.  It is admitted only that answering defendant sold certain hunting equipment, including safety harnesses for use in hunting, at various The Sports Authority retail stores in Pennsylvania at all times material.   With respect to the remaining allegations contained in this paragraph, after reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and demands strict proof thereof at the time of trial.

19.     Denied.  After reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and demands strict proof thereof at the time of trial.

20.     Denied. After reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and demands strict proof thereof at the time of trial.

21.     Denied. The allegations contained in this paragraph contain conclusions of law which are denied, and to which no response is required. With respect to the remaining factual allegations contained in this paragraph, after reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and demands strict proof thereof at the time of trial.

22.     Denied. The allegations contained in this paragraph are denied as conclusions of law to which no response is required.

23.     Denied. The allegations contained in this paragraph are denied as conclusions of law to which no response is required.

### COUNT ONE
### Robert Ogden v. Ameristep, Inc.
### NEGLIGENCE

24.     Answering defendant incorporates its responses to the preceding paragraphs as though fully set forth at length herein.

25. - 32.     Denied. The allegations set forth in these paragraphs of plaintiffs' Amended Complaint are addressed to other defendants. After reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and demands strict proof thereof at the time of trial. The allegations contained in this paragraph are further denied as conclusions of law to which no response is required.

5

**WHEREFORE**, answering defendant The Sports Authority, Inc. demands judgment in its favor and against plaintiffs together with costs and attorney's fees.

### COUNT TWO
### Robert Ogden v. National Webbing Products Co.
### NEGLIGENCE

33.    Answering defendant incorporates its responses to the preceding paragraphs as though fully set forth at length herein.

34. - 40.    Denied.  The allegations set forth in these paragraphs of plaintiffs' Amended Complaint are addressed to other defendants.  After reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and demands strict proof thereof at the time of trial.  The allegations contained in this paragraph are further denied as conclusions of law to which no response is required.

**WHEREFORE**, answering defendant The Sports Authority, Inc. demands judgment in its favor and against plaintiffs together with costs and attorney's fees.

### COUNT THREE
### Robert Ogden v. Indiana Mills & Manufacturing
### NEGLIGENCE

41.    Answering defendant incorporates its responses to the preceding paragraphs as though fully set forth at length herein.

42. - 48.    Denied.  The allegations set forth in these paragraphs of plaintiffs' Amended Complaint are addressed to other defendants.  After reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and demands strict proof thereof at the time of trial.  The allegations

6

contained in this paragraph are further denied as conclusions of law to which no response is required.

**WHEREFORE**, answering defendant The Sports Authority, Inc. demands judgment in its favor and against plaintiffs together with costs and attorney's fees.

### COUNT FOUR
### Robert Ogden v. The Sports Authority, Inc.
### NEGLIGENCE

49.     Answering defendant incorporates its responses to the preceding paragraphs as though fully set forth at length herein.

50.     Denied.  The allegations contained in this paragraph are denied as conclusions of law to which no response is required.

51.     (a) - (u).     Denied.  The allegations contained in this paragraph are denied as conclusions of law to which no response is required.

52.     Denied.  The allegations contained in this paragraph are denied as conclusions of law to which no response is required.  To the extent plaintiffs allege in this paragraph that answering defendant The Sports Authority, Inc. had a role in designing and/or manufacturing the subject product, it is specifically denied that answering defendant The Sports Authority had any role in designing and/or manufacturing the subject product, or any other product used in hunting.

53.     Denied.  With respect to the factual allegations contained in this paragraph, after reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, same allegations are therefore denied and strict proof thereof is demanded at the time of trial.  With respect to the remaining allegations in this

paragraph of plaintiffs' Amended Complaint, these allegations are denied as conclusions of law to which no response is required.

54.    Denied.  With respect to the factual allegations contained in this paragraph, after reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, same allegations are therefore denied and strict proof thereof is demanded at the time of trial.  With respect to the remaining allegations in this paragraph of plaintiffs' Amended Complaint, these allegations are denied as conclusions of law to which no response is required.

55.    Denied.  With respect to the factual allegations contained in this paragraph, after reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, same allegations are therefore denied and strict proof thereof is demanded at the time of trial.  With respect to the remaining allegations in this paragraph of plaintiffs' Amended Complaint, these allegations are denied as conclusions of law to which no response is required.

56.    Denied.  With respect to the factual allegations contained in this paragraph, after reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, same allegations are therefore denied and strict proof thereof is demanded at the time of trial.  With respect to the remaining allegations in this paragraph of plaintiffs' Amended Complaint, these allegations are denied as conclusions of law to which no response is required.

**WHEREFORE**, answering defendant The Sports Authority, Inc. demands judgment in its favor and against plaintiffs together with costs and attorney's fees.

**COUNT FIVE**
**Robert Ogden v. Ameristep, Inc.**
**STRICT LIABILITY**

57.     Answering defendant incorporates its responses to the preceding paragraphs as though fully set forth at length herein.

58. - 61.     Denied.  The allegations set forth in these paragraphs of plaintiffs' Amended Complaint are addressed to other defendants.  After reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and demands strict proof thereof at the time of trial.  The allegations contained in this paragraph are further denied as conclusions of law to which no response is required.

**WHEREFORE**, answering defendant The Sports Authority, Inc. demands judgment in its favor and against plaintiffs together with costs and attorney's fees.

**COUNT SIX**
**Robert Ogden v. National Webbing Products Co.**
**STRICT LIABILITY**

62.     Answering defendant incorporates its responses to the preceding paragraphs as though fully set forth at length herein.

63. - 66.     Denied.  The allegations set forth in these paragraphs of plaintiffs' Amended Complaint are addressed to other defendants.  After reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and demands strict proof thereof at the time of trial.  The allegations contained in this paragraph are further denied as conclusions of law to which no response is required.

9

**WHEREFORE**, answering defendant The Sports Authority, Inc. demands judgment in its favor and against plaintiffs together with costs and attorney's fees.

## COUNT SEVEN
### Robert Ogden v. Ameristep, Inc.
### STRICT LIABILITY

67.     Answering defendant incorporates its responses to the preceding paragraphs as though fully set forth at length herein.

68. - 71.          Denied.  The allegations set forth in these paragraphs of plaintiffs' Amended Complaint are addressed to other defendants.  After reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and demands strict proof thereof at the time of trial.  The allegations contained in this paragraph are further denied as conclusions of law to which no response is required.

**WHEREFORE**, answering defendant The Sports Authority, Inc. demands judgment in its favor and against plaintiffs together with costs and attorney's fees.

## COUNT EIGHT
### Robert Ogden v. The Sports Authority, Inc.
### STRICT LIABILITY

72.     Answering defendant incorporates its responses to the preceding paragraphs as though fully set forth at length herein.

73.     Admitted in part; denied in part.  It is admitted only that answering defendant, The Sports Authority, Inc., sold certain hunting products from its retail stores in Pennsylvania on or before November of 2001.  With respect to plaintiffs' allegation that answering defendant The Sports Authority, Inc., sold the subject Safety Harness at issue in plaintiffs' Complaint, after reasonable investigation, answering defendant is without knowledge or information sufficient to

form a belief as to the truth or falsity of those allegations, same allegations are therefore denied and strict proof thereof is demanded at the time of trial.

74.    (a) - (t).        Denied.  The allegations contained in this paragraph are denied as conclusions of law to which no response is required.  To the extent plaintiffs are alleging in this paragraph that the subject product was sold at a The Sports Authority, Inc. retail location, after reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, same allegations are therefore denied and strict proof thereof is demanded at the time of trial.

75.    Denied.  The allegations contained in this paragraph are denied as conclusions of law to which no response is required.  To the extent plaintiffs are alleging in this paragraph that the subject product was sold at a The Sports Authority, Inc. retail location, after reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, same allegations are therefore denied and strict proof thereof is demanded at the time of trial.

76.    Denied.  The allegations contained in this paragraph are denied as conclusions of law to which no response is required.

**WHEREFORE**, answering defendant The Sports Authority, Inc. demands judgment in its favor and against plaintiffs together with costs and attorney's fees.

**COUNT NINE**
**Robert Ogden v. Ameristep, Inc.**
**BREACH OF WARRANTIES**

77.    Answering defendant incorporates its responses to the preceding paragraphs as though fully set forth at length herein.

78. - 80.        Denied.  The allegations set forth in these paragraphs of plaintiffs' Amended Complaint are addressed to other defendants.  After reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and demands strict proof thereof at the time of trial.  The allegations contained in this paragraph are further denied as conclusions of law to which no response is required.

**WHEREFORE**, answering defendant The Sports Authority, Inc. demands judgment in its favor and against plaintiffs together with costs and attorney's fees.

### COUNT TEN
### Robert Ogden v. National Webbing Products Co.
### BREACH OF WARRANTIES

81.        Answering defendant incorporates its responses to the preceding paragraphs as though fully set forth at length herein.

82. - 84.        Denied.  The allegations set forth in these paragraphs of plaintiffs' Amended Complaint are addressed to other defendants.  After reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and demands strict proof thereof at the time of trial.  The allegations contained in this paragraph are further denied as conclusions of law to which no response is required.

**WHEREFORE**, answering defendant The Sports Authority, Inc. demands judgment in its favor and against plaintiffs together with costs and attorney's fees.

### COUNT ELEVEN
### Robert Ogden v. Indiana Mills & Manufacturing Co.
### BREACH OF WARRANTIES

13

85.    Answering defendant incorporates its responses to the preceding paragraphs as though fully set forth at length herein.

86. - 88.    Denied.  The allegations set forth in these paragraphs of plaintiffs' Amended Complaint are addressed to other defendants.  After reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and demands strict proof thereof at the time of trial.  The allegations contained in this paragraph are further denied as conclusions of law to which no response is required.

**WHEREFORE**, answering defendant The Sports Authority, Inc. demands judgment in its favor and against plaintiffs together with costs and attorney's fees.

**COUNT TWELVE**
**Robert Ogden v. The Sports Authority, Inc.**
**BREACH OF WARRANTIES**

89.    Answering defendant incorporates its responses to the preceding paragraphs as though fully set forth at length herein.

90.    Denied. With respect to plaintiffs' allegations in this paragraph that the subject product was sold at a The Sports Authority, Inc. retail location, after reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, same allegations are therefore denied and strict proof thereof is demanded at the time of trial.  With respect to the remaining allegations in this paragraph of the Amended Complaint, same are denied as legal conclusions to which no response is required.

91.    Denied.  The allegations contained in this paragraph are denied as conclusions of law to which no response is required.

14

92.    Denied.  The allegations contained in this paragraph are denied as conclusions of law to which no response is required.

**WHEREFORE**, answering defendant The Sports Authority, Inc. demands judgment in its favor and against plaintiffs together with costs and attorney's fees.

### COUNT THIRTEEN
### Robert Ogden v. Ameristep, Inc.
### MISREPRESENTATION

93.    Answering defendant incorporates its responses to the preceding paragraphs as though fully set forth at length herein.

94. - 98.    Denied.  The allegations set forth in these paragraphs of plaintiffs' Amended Complaint are addressed to other defendants.  After reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and demands strict proof thereof at the time of trial.  The allegations contained in this paragraph are further denied as conclusions of law to which no response is required.

**WHEREFORE**, answering defendant The Sports Authority, Inc. demands judgment in its favor and against plaintiffs together with costs and attorney's fees.

### COUNT FOURTEEN
### Robert Ogden v. The Sports Authority, Inc.
### MISREPRESENTATION

99.    Answering defendant incorporates its responses to the preceding paragraphs as though fully set forth at length herein.

100.    Denied.  After reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the factual allegations contained in

this paragraph of plaintiffs' Amended Complaint, same allegations are therefore denied and strict proof thereof is hereby demanded at trial.  Additionally, plaintiffs have failed allege with sufficient particularity the content of the alleged misrepresentations, who is alleged to have made such alleged misrepresentations, and/or the manner in which such alleged misrepresentations were made, precluding any appropriate response.  With respect to the remaining allegations contained in this paragraph of plaintiffs' Amended Complaint, same are denied as legal conclusions to which no response is required.

101.    Denied.  After reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the factual allegations contained in this paragraph of plaintiffs' Amended Complaint, same allegations are therefore denied and strict proof thereof is hereby demanded at trial.  Additionally, plaintiffs have failed allege with sufficient particularity the content of the alleged misrepresentations, who is alleged to have made such alleged misrepresentations, and/or the manner in which such alleged misrepresentations were made, precluding any appropriate response.

102.    Denied.  After reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the factual allegations contained in this paragraph of plaintiffs' Amended Complaint, same allegations are therefore denied and strict proof thereof is hereby demanded at trial.  Additionally, plaintiffs have failed allege with sufficient particularity the content of the alleged misrepresentations, who is alleged to have made such alleged misrepresentations, and/or the manner in which such alleged misrepresentations were made, precluding any appropriate response.  With respect to the remaining allegations contained in this

paragraph of plaintiffs' Amended Complaint, same are denied as legal conclusions to which no response is required.

103.    Denied.  After reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the factual allegations contained in this paragraph of plaintiffs' Amended Complaint, same allegations are therefore denied and strict proof thereof is hereby demanded at trial.

104.    Denied.  After reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and demands strict proof thereof at the time of trial.  The allegations contained in this paragraph are further denied as conclusions of law to which no response is required.

**WHEREFORE**, answering defendant The Sports Authority, Inc. demands judgment in its favor and against plaintiffs together with costs and attorney's fees.

**COUNT FIFTEEN**
**Robert Ogden v. Ameristep, Inc.**
**PUNITIVE DAMAGES**

105.    Answering defendant incorporates its responses to the preceding paragraphs as though fully set forth at length herein.

106. - 108.    Denied.  The allegations set forth in these paragraphs of plaintiffs' Amended Complaint are addressed to other defendants.  After reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and demands strict proof thereof at the time of trial.  The allegations contained in this paragraph are further denied as conclusions of law to which no response is required.

17

**WHEREFORE**, answering defendant The Sports Authority, Inc. demands judgment in its favor and against plaintiffs together with costs and attorney's fees.

## COUNT SIXTEEN
### Robert Ogden v. National Webbing Products Co.
### PUNITIVE DAMAGES

109.    Answering defendant incorporates its responses to the preceding paragraphs as though fully set forth at length herein.

110. - 112.    Denied.  The allegations set forth in these paragraphs of plaintiffs' Amended Complaint are addressed to other defendants.  After reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and demands strict proof thereof at the time of trial.  The allegations contained in this paragraph are further denied as conclusions of law to which no response is required.

**WHEREFORE**, answering defendant The Sports Authority, Inc. demands judgment in its favor and against plaintiffs together with costs and attorney's fees.

## COUNT SEVENTEEN
### Robert Ogden v. Indiana Mills & Manufacturing Inc.
### PUNITIVE DAMAGES

113.    Answering defendant incorporates its responses to the preceding paragraphs as though fully set forth at length herein.

114. - 116.    Denied.  The allegations set forth in these paragraphs of plaintiffs' Amended Complaint are addressed to other defendants.  After reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and demands strict proof thereof at the time of trial.  The allegations

contained in this paragraph are further denied as conclusions of law to which no response is required.

**WHEREFORE**, answering defendant The Sports Authority, Inc. demands judgment in its favor and against plaintiffs together with costs and attorney's fees.

### COUNT EIGHTEEN
### Robert Ogden v. The Sports Authority, Inc.
### PUNITIVE DAMAGES

117.   Answering defendant incorporates its responses to the preceding paragraphs as though fully set forth at length herein.

118.   Denied.   With respect to plaintiffs' allegations in this paragraph of plaintiffs' Amended Complaint that the subject product was sold at a The Sports Authority, Inc. retail location, after reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, same allegations are therefore denied and strict proof thereof is demanded at the time of trial.   With respect to the remainder of the allegations in this paragraph, same are denied.

119.   Denied.   With respect to plaintiffs' allegations in this paragraph of plaintiffs' Amended Complaint that the subject product was sold at a The Sports Authority, Inc. retail location, after reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, same allegations are therefore denied and strict proof thereof is demanded at the time of trial.   With respect to the remainder of the allegations in this paragraph, same are denied.

120.   Denied.

**WHEREFORE**, answering defendant The Sports Authority, Inc. demands judgment in its favor and against plaintiffs together with costs and attorney's fees.

**COUNT NINETEEN**
**Robert Ogden v. Ameristep, Inc.**
**LOSS OF CONSORTIUM**

121.    Answering defendant incorporates its responses to the preceding paragraphs as though fully set forth at length herein.

122. - 123.    Denied.  The allegations set forth in these paragraphs of plaintiffs' Amended Complaint are addressed to other defendants.  After reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and demands strict proof thereof at the time of trial.  The allegations contained in this paragraph are further denied as conclusions of law to which no response is required.

**WHEREFORE**, answering defendant The Sports Authority, Inc. demands judgment in its favor and against plaintiffs together with costs and attorney's fees.

**COUNT TWENTY**
**Robert Ogden v. National Webbing Products Co.**
**LOSS OF CONSORTIUM**

124.    Answering defendant incorporates its responses to the preceding paragraphs as though fully set forth at length herein.

125. - 126.    Denied.  The allegations set forth in these paragraphs of plaintiffs' Amended Complaint are addressed to other defendants.  After reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and demands strict proof thereof at the time of trial.  The allegations

contained in this paragraph are further denied as conclusions of law to which no response is required.

**WHEREFORE**, answering defendant The Sports Authority, Inc. demands judgment in its favor and against plaintiffs together with costs and attorney's fees.

### COUNT TWENTY-ONE
### Robert Ogden v. Indiana Mills & Manufacturing Co.
### LOSS OF CONSORTIUM

127.     Answering defendant incorporates its responses to the preceding paragraphs as though fully set forth at length herein.

128. - 129.     Denied.  The allegations set forth in these paragraphs of plaintiffs' Amended Complaint are addressed to other defendants.  After reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and demands strict proof thereof at the time of trial.  The allegations contained in this paragraph are further denied as conclusions of law to which no response is required.

**WHEREFORE**, answering defendant The Sports Authority, Inc. demands judgment in its favor and against plaintiffs together with costs and attorney's fees.

### COUNT TWENTY-TWO
### Robert Ogden v. The Sports Authority, Inc.
### LOSS OF CONSORTIUM

130.     Answering defendant incorporates its responses to the preceding paragraphs as though fully set forth at length herein.

131.    Denied.  After reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and demands strict proof thereof at the time of trial.

132.    Denied.  After reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and demands strict proof thereof  at the time of trial.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Recovery is barred because Plaintiff assumed the risk of the occurrence of the incident and the injuries or damages alleged.

## THIRD AFFIRMATIVE DEFENSE

The claims are barred in whole or in part by the contributory or comparative negligence of Plaintiffs or that of their agents.

## FOURTH AFFIRMATIVE DEFENSE

If plaintiff sustained any damages and/or injuries as alleged, which is expressly denied, said damages and/or injuries were proximately caused by the acts, errors, omissions, negligence and/or products of others for which answering defendant is neither liable nor responsible.

## FIFTH AFFIRMATIVE DEFENSE

The product that allegedly injured or damaged the plaintiff was not designed, manufactured, assembled, packaged, sold, distributed, advertised, installed, serviced, prepared, maintained, or in any way handled by answering defendant.

## SIXTH AFFIRMATIVE DEFENSE

If any product sold by answering defendant was involved herein as alleged, which is expressly denied, at all times material and relevant hereto, such product conformed to or exceeded the applicable state of the art, knowledge, industry standards, customs and any State and/or Federal statutory and regulatory requirements.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred or limited in that the product in question was abused, misused and/or not being used in the manner or for the purpose intended and/or not appropriately maintained.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred or limited in that the product in question was substantially modified and/or substantially altered and/or materially altered prior to the alleged incident by other plaintiffs and/or parties other than answering defendant, thereby barring recovery herein.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of spoilation of evidence.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred or limited in accordance with the sophisticated purchaser doctrine.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred or limited by the doctrines of res judicata or collateral estoppel.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate their damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

The claims of plaintiffs may be barred by the applicable statutes of limitation or repose.

## FOURTEENTH AFFIRMATIVE DEFENSE

There is no privity of contract between plaintiffs and answering defendant;

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails to set forth a basis for punitive damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries were the result of his failure to follow the directions and warnings contained on the product.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The injuries and damages sustained by plaintiff were not proximately or substantially caused by any act or omission of answering defendant.

## EIGHTEENTH AFFIRMATIVE DEFENSE

At all times relevant hereto, products sold by answering defendant contained appropriate labeling and warnings, and when used in accordance with the directions and warnings provided, answering defendant's products were safe and did not produce the adverse health conditions allegedly sustained by plaintiff.

## NINETEENTH AFFIRMATIVE DEFENSE

No act, action or omission on the part of The Sports Authority, Inc. was a proximate or direct cause of plaintiffs' alleged injuries.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's breach of warranty cause of action is barred, since plaintiff did not reasonably rely on any alleged warranty; the alleged warranty was disclaimed and/or limited; and plaintiffs failed to give proper notice of any breach.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Answering defendant made no warranties, express or otherwise to plaintiff.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Answering defendant incorporates and adopts by reference, as though fully set forth herein, any affirmative defenses stated by any other defendant in answer to plaintiff's Amended Complaint, to the extent that such defenses are not factually inconsistent with answering defendant's position.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Answering defendant reserves the right to raise additional affirmative defenses in the future.

WHEREFORE, answering defendant demands judgment in its favor and against plaintiff and against all other defendants, together with costs and expenses of this action, along with such further and additional relief as the Court shall deem just and appropriate.

### CROSSCLAIM OF DEFENDANT, THE SPORTS AUTHORITY, INC., INC. AGAINST DEFENDANTS AMERISTEP CORPORATION a/k/a AMERISTEP, INC.; NATIONAL WEBBING PRODUCTS CO.; AMD INDIANA MILLS & MANUFACTURING INC., d/b/a/ INDIANA MARINE CO.

While denying all liability in this matter to the plaintiffs, answering defendant asserts this crossclaim against defendants Ameristep Corporation a/k/a Ameristep, Inc.; National Webbing Products Co.; and Indiana Mills & Manufacturing Inc., d/b/a/ Indiana Marine Co., and avers that same defendants may be solely liable to the plaintiff for indemnity and/or contribution based on the applicable substantive law of the Commonwealth of Pennsylvania or the applicable contractual provisions among and between the parties involved in this lawsuit.

**WHEREFORE**, answering defendant demands judgment be entered in its favor and against plaintiff and all other parties together with costs and attorney's fees.

**RAWLE & HENDERSON**

Dated: _____    By_____

> **Andrew J. DeFalco, Esq.**
> Identification No. 84360
> Attorneys for Defendant,
> The Sports Authority, Inc.
>
> The Widener Building
> One South Penn Square
> Philadelphia, PA 19107
> (215) 575-4200

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on today's date I served a true and correct copy of the foregoing Answer of Defendant The Sports Authority, Inc. to the Complaint of Plaintiff, by first-class mail, postage prepaid, upon all attorneys and parties of record, addressed as follows:

Robert C. Ewing, Esquire
Ewing & Associates
115 North Monroe Street
P.O. Box 725
Media, PA 19063

Joseph D. Christof, II Esquire
Dickie, McCamey & Chilcote
**Two PPG PlaceSuite 400 Pittsburgh, PA 15222-5402**

Angela Maione Costigan, Esquire
Costigan & Costigan
Suite 902
1315 Walnut Street
Philadelphia, PA 19107

Indiana Mills & Manufacturing, Inc.
18881 U.S. 31 North
Westfield, IN 46704

**RAWLE & HENDERSON**

Dated: _____        By_____
                                                **Andrew J. DeFalco, Esq.**
                                                Identification No. 84360
                                                Attorneys for Defendant,
                                                The Sports Authority, Inc.

                                                The Widener Building
                                                One South Penn Square
                                                  Philadelphia, PA 19107
                                                (215) 575-4200