IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT OGDEN, and DINA OGDEN, h/w** : | **CIVIL ACTION** |
| : | |
| Plaintiffs, : | NO.: 02-3624 |
| v. : | |
| : | |
| **AMERISTEP CORPORATION a/k/a** : | |
| **AMERISTEP, INC.; NATIONAL WEBBING** : | **JURY TRIAL DEMANDED** |
| **PRODUCTS CO.; and THE SPORTS** : | |
| **AUTHORITY, INC. and INDIANA MILLS** : | |
| **MANUFACTURING, INC. d/b/a INDIANA** : | |
| **MARINE CO.** : | |
| Defendants. : | |

## ANSWER OF DEFENDANT, INDIANA MILLS MANUFACTURING, INC., TO PLAINTIFFS' AMENDED COMPLAINT

1. Admitted.

2. Admitted.

3. After reasonable investigation, answering defendant is without information sufficient to form a belief as to the truth of the averments in paragraph (3); therefore, the averments are denied.

4. Admitted.

5. Admitted.

6. After reasonable investigation, answering defendant is without information sufficient to form a belief as to the truth of the averments in paragraph (6); therefore, the averments are denied.

7.      After reasonable investigation, answering defendant is without information sufficient to form a belief as to the truth of the averments in paragraph (7); therefore, the averments are denied.

8.      After reasonable investigation, answering defendant is without information sufficient to form a belief as to the truth of the averments in paragraph (8); therefore, the averments are denied.

9.      After reasonable investigation, answering defendant is without information sufficient to form a belief as to the truth of the averments in paragraph (9); therefore, the averments are denied.

10.     It is admitted as a general proposition only, and without reference to the specific product described in paragraph (20) of the amended complaint, that answering defendant has been engaged in the design, manufacture, and sale of hunting safety harnesses. The remaining averments set forth in paragraph (10) are denied.

11.     After reasonable investigation, answering defendant is without information sufficient to form a belief as to the truth of the averments in paragraph (11); therefore, the averments are denied.

12.     It is admitted as a general proposition only, and without reference to the specific product described in paragraph (20) of the amended complaint, that answering defendant has been engaged in the design, manufacture, and sale of hunting safety harnesses. To the extent addressed to answering defendant, the remaining averments of paragraph (12) are denied. To the extent that the averments of paragraph (12) of the amended complaint are addressed to the actions of other parties, after reasonable investigation, answering defendant is without information sufficient to

form a belief as to the truth of those averments.

13. It is admitted as a general proposition only, and without reference to the specific product described in paragraph (20) of the amended complaint, that answering defendant has been engaged in the design, manufacture, and sale of hunting safety harnesses. To the extent addressed to answering defendant, the remaining averments of paragraph (13) are denied. To the extent that the averments of paragraph (13) of the amended complaint are addressed to the actions of other parties, after reasonable investigation, answering defendant is without information sufficient to form a belief as to the truth of those averments.

14. To the extent addressed to answering defendant, the averments of paragraph (14) are denied. To the extent that the averments of paragraph (14) of the amended complaint are addressed to the actions of other parties, after reasonable investigation, answering defendant is without information sufficient to form a belief as to the truth of those averments.

15. To the extent addressed to answering defendant, the averments of paragraph (15) are denied. To the extent that the averments of paragraph (15) of the amended complaint are addressed to the actions of other parties, after reasonable investigation, answering defendant is without information sufficient to form a belief as to the truth of those averments.

16. After reasonable investigation, answering defendant is without information sufficient to form a belief as to the truth of the averments in paragraph (16); therefore, the averments are denied.

17. After reasonable investigation, answering defendant is without information sufficient to form a belief as to the truth of the averments in paragraph (17); therefore, the averments are denied.

18. After reasonable investigation, answering defendant is without information sufficient to form a belief as to the truth of the averments in paragraph (18); therefore, the averments are denied.

19. After reasonable investigation, answering defendant is without information sufficient to form a belief as to the truth of the averments in paragraph (19); therefore, the averments are denied.

20. After reasonable investigation, answering defendant is without information sufficient to form a belief as to the truth of the averments in paragraph (20); therefore, the averments are denied.

21. To the extent addressed to answering defendant, the averments of paragraph (21) are denied. To the extent that the averments of paragraph (21) of the amended complaint are addressed to the actions of other parties, after reasonable investigation, answering defendant is without information sufficient to form a belief as to the truth of those averments.

22. To the extent addressed to answering defendant, the averments of paragraph (22) are denied. To the extent that the averments of paragraph (22) of the amended complaint are addressed to the actions of other parties, after reasonable investigation, answering defendant is without information sufficient to form a belief as to the truth of those averments.

23. After reasonable investigation, answering defendant is without information sufficient to form a belief as to the truth of the averments in paragraph (23); therefore, the averments are denied.

**Count One**

24. Answering defendant incorporates here by reference its responses to paragraphs (1) through (23) inclusive as set forth above.

25.-32. After reasonable investigation, answering defendant is without information sufficient to form a belief as to the truth of the averments in paragraphs (25) to (32) inclusive which are addressed only to Ameristep Corporation.

**Count Two**

33. Answering defendant incorporates here by reference its responses to paragraphs (1) through (32) inclusive as set forth above.

34.-40. After reasonable investigation, answering defendant is without information sufficient to form a belief as to the truth of the averments in paragraphs (34) to (40) inclusive which are addressed only to National Webbing Products Co.

**Count Three**

41. Answering defendant incorporates here by reference its responses to paragraphs (1) through (40) inclusive as set forth above.

42. Denied.

43. Denied.

44. Denied.

45. After reasonable investigation, answering defendant is without information sufficient to form a belief as to the truth of the averments concerning the nature and extent of plaintiff's injuries. The remaining averments of paragraph (45) are denied.

46. Denied.

47. Denied.

48. Denied.

## Count Four

49. Answering defendant incorporates here by reference its responses to paragraphs (1) through (48) inclusive as set forth above.

50.-56. After reasonable investigation, answering defendant is without information sufficient to form a belief as to the truth of the averments in paragraphs (50) to (56) inclusive which are addressed only to The Sports Authority, Inc.

## Count Five

57. Answering defendant incorporates here by reference its responses to paragraphs (1) through (56) inclusive as set forth above.

58.-61. After reasonable investigation, answering defendant is without information sufficient to form a belief as to the truth of the averments in paragraphs (58) to (61) inclusive which are addressed only to Ameristep Corporation.

## Count Six

62. Answering defendant incorporates here by reference its responses to paragraphs (1) through (62) inclusive as set forth above.

63.-66. After reasonable investigation, answering defendant is without information sufficient to form a belief as to the truth of the averments in paragraphs (58) to (61) inclusive which are addressed only to National Webbing Products Co.

## Count Seven

67. Answering defendant incorporates here by reference its responses to paragraphs

(1) through (66) inclusive as set forth above.

68. It is admitted as a general proposition only, and without reference to the specific product described in paragraph (20) of the amended complaint, that answering defendant had been engaged, prior to November 26, 2001 in the design, manufacture, and sale of hunting safety harnesses. The remaining averments set forth in paragraph (68) are denied.

69. Denied.

70. Denied.

71. Denied.

### Count Eight

72. Answering defendant incorporates here by reference its responses to paragraphs (1) through (71) inclusive as set forth above.

73.-76. After reasonable investigation, answering defendant is without information sufficient to form a belief as to the truth of the averments in paragraphs (73) to (76) inclusive which are addressed only to The Sports Authority, Inc.

### Count Nine

77. Answering defendant incorporates here by reference its responses to paragraphs (1) through (76) inclusive as set forth above.

78.-80. After reasonable investigation, answering defendant is without information sufficient to form a belief as to the truth of the averments in paragraphs (78) to (80) inclusive which are addressed only to Ameristep Corporation.

### Count Ten

81. Answering defendant incorporates here by reference its responses to paragraphs

(1) through (80) inclusive as set forth above.

82.-84.　After reasonable investigation, answering defendant is without information sufficient to form a belief as to the truth of the averments in paragraphs (82) to (84) inclusive which are addressed only to National Webbing Products Co.

### Count Eleven

85.　Answering defendant incorporates here by reference its responses to paragraphs (1) through (84) inclusive as set forth above.

86.　Denied.

87.　After reasonable investigation, answering defendant is without information sufficient to form a belief as to the truth of the averments in paragraph (87); therefore the averments are denied.

88.　Denied.

### Count Twelve

89.　Answering defendant incorporates here by reference its responses to paragraphs (1) through (88) inclusive as set forth above.

90.-92.　After reasonable investigation, answering defendant is without information sufficient to form a belief as to the truth of the averments in paragraphs (90) to (92) inclusive which are addressed only to The Sports Authority, Inc.

### Count Thirteen

93.　Answering defendant incorporates here by reference its responses to paragraphs (1) through (92) inclusive as set forth above.

94.-98.　After reasonable investigation, answering defendant is without information

sufficient to form a belief as to the truth of the averments in paragraphs (94) to (98) inclusive which are addressed only to Ameristep Corporation.

### Count Fourteen

99. Answering defendant incorporates here by reference its responses to paragraphs (1) through (98) inclusive as set forth above.

100.-104. After reasonable investigation, answering defendant is without information sufficient to form a belief as to the truth of the averments in paragraphs (100) to (104) inclusive which are addressed only to The Sports Authority, Inc.

### Count Fifteen

105. Answering defendant incorporates here by reference its responses to paragraphs (1) through (104) inclusive as set forth above.

106.-108. After reasonable investigation, answering defendant is without information sufficient to form a belief as to the truth of the averments in paragraphs (106) to (108) inclusive which are addressed only to Ameristep Corporation.

### Count Sixteen

109. Answering defendant incorporates here by reference its responses to paragraphs (1) through (108) inclusive as set forth above.

110.-112. After reasonable investigation, answering defendant is without information sufficient to form a belief as to the truth of the averments in paragraphs (110) to (112) inclusive which are addressed only to National Webbing Products Co.

### Count Seventeen

113. Answering defendant incorporates here by reference its responses to paragraphs

(1) through (112) inclusive as set forth above.

    114.    Denied.

    115.    Denied.

    116.    Denied.

**Count Eighteen**

    117.    Answering defendant incorporates here by reference its responses to paragraphs (1) through (116) inclusive as set forth above.

    118.-120.  After reasonable investigation, answering defendant is without information sufficient to form a belief as to the truth of the averments in paragraphs (118) to (120) inclusive which are addressed only to The Sports Authority, Inc.

**Count Nineteen**

    121.    Answering defendant incorporates here by reference its responses to paragraphs (1) through (120) inclusive as set forth above.

    122.-123.  After reasonable investigation, answering defendant is without information sufficient to form a belief as to the truth of the averments in paragraphs (122) to (123) inclusive which are addressed only to Ameristep Corporation.

**Count Twenty**

    124.    Answering defendant incorporates here by reference its responses to paragraphs (1) through (123) inclusive as set forth above.

    125.-126.  After reasonable investigation, answering defendant is without information sufficient to form a belief as to the truth of the averments in paragraphs (125) to (126) inclusive which are addressed only to National Webbing Products Co.

## Count Twenty-One

127. Answering defendant incorporates here by reference its responses to paragraphs (1) through (126) inclusive as set forth above.

128. After reasonable investigation, answering defendant is without information sufficient to form a belief as to the truth of the averments in paragraph (128); therefore, those averments are denied.

129. Denied.

## Count Twenty-Two

130. Answering defendant incorporates here by reference its responses to paragraphs (1) through (129) inclusive as set forth above.

131.-132. After reasonable investigation, answering defendant is without information sufficient to form a belief as to the truth of the averments in paragraphs (131) to (132) inclusive which are addressed only to The Sports Authority, Inc.

## First Defense

Plaintiffs' claim for breach of warranty is barred by the applicable Statute of Limitations.

## Second Defense

If plaintiffs sustained injuries and damages as alleged, then their claims may be barred or reduced in accordance with Pennsylvania Comparative Negligence Act, 42 Pa.C.S.A. §7102 *et seq*.

**Third Defense**

The injuries and/or damages allegedly sustained by plaintiff were due solely to his own negligence.

**Fourth Defense**

Plaintiffs' claim(s) may be barred by failure to preserve the product alleged to be defective, or other physical evidence, resulting in spoliation of evidence and irreparable harm to answering defendant.

**Fifth Defense**

The product involved in the incident described in plaintiffs' Complaint may have been substantially altered from the condition in which it was originally sold.

WHEREFORE, answering defendant demands that plaintiffs' Complaint be dismissed with prejudice and that judgment thereon be entered in favor of answering defendant and against plaintiffs.

**Cross-Claim for Contribution Against
All Other Defendants**

If it is later determined that answering defendant is in any way liable to plaintiffs, any such liability on the part of answering defendant being denied, then defendants, Ameristep Corporation, and/or National Webbing Products Co., and/or The Sports Authority, Inc., having been alleged by plaintiffs to have caused their injuries and damages, may be liable over to

answering defendant by way of contribution.  The purpose of filing this cross-claim is solely to preserve answering defendant's right to claim contribution from other named defendants for sums awarded to plaintiffs.

WHEREFORE, answering defendant demand that defendants, Ameristep Corporation, and/or National Webbing Products Co., and/or The Sports Authority, Inc. be found liable over to answering defendant by way of contribution for any sums which answering defendant may be found liable to plaintiffs, any such liability on the part of answering defendant being denied.

L<span style="font-size:smaller">AVIN</span>, C<span style="font-size:smaller">OLEMAN</span>, O'<span style="font-size:smaller">NEIL</span>, R<span style="font-size:smaller">ICCI</span>, F<span style="font-size:smaller">INARELLI</span> & G<span style="font-size:smaller">RAY</span>

BY: _____
      Francis P. Burns, III, Esquire
      Attorneys for Defendant,
      Indiana Mills & Manufacturing, Inc.