IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT OGDEN, and | : | CIVIL ACTION |
| DINA OGDEN, husband and wife | : | |
| Plaintiffs, | : | |
| | : | |
| vs. | : | |
| | : | |
| AMERISTEP CORPORATION, a/k/a | : | NO. 02-3624 |
| AMERISTEP, INC.; NATIONAL | : | |
| WEBBING PRODUCTS CO.; | : | |
| THE SPORTS AUTHORITY, INC.; and | : | |
| INDIANA MILLS & MANUFACTURING, | : | |
| INC., d/b/a INDIANA MARINE CO. | : | |
| Defendants. | : | |

**RESPONSE OF DEFENDANT, THE SPORTS AUTHORITY INC.,
TO PLAINTIFFS' REQUEST FOR ADMISSIONS**

Defendant, The Sports Authority Inc., by and through its attorneys, Rawle & Henderson LLP, hereby submits the following Responses in reply to Plaintiffs' Request for Admissions**:**

1.   **REQUEST -** The Sports Authority sold the Ameristep Safety Harness as mentioned in the Complaint filed by the Plaintiffs in the above captioned action to retail customers from its Exton Pennsylvania store in the years 1995 and 1996.

**RESPONSE -** Objection. This request is vague, open to more than one interpretation and overly broad. By way of further response and without waiving the foregoing objections, The Sports Authority admits that it sold Ameristep Deluxe Tree Stand Safety Harnesses to retail customers in the years 1995 and 1996 through its store in Exton, Pennsylvania. However, The Sports Authority has made a reasonable inquiry, and based on the information known or readily obtainable, The Sports Authority cannot admit or deny that it sold

862310 v.1

the Ameristep Safety Harness that is the subject of Plaintiff's Complaint.

2. **REQUEST -** The attached computer printout represents sales by The Sports Authority's Exton, Pennsylvania store in its hunting department for the years 1995 and 1996.

**RESPONSE-** Admitted.

3. **REQUEST -** The attached computer printout was generated by The Sports Authority. All references to Item number 17353897 described as "DLX TREE STAND SAFTY" refer to the Ameristep Safety Harness as mentioned in the Complaint filed by the Plaintiff's in the above-captioned action.

**RESPONSE -** Objection. This request is vague, open to more than one interpretation and overly broad. By way of further response and without waiving the foregoing objections, The Sports Authority admits that the document attached to Plaintiff's Request for Admission is a copy of a computer printout generated by The Sports Authority. The Sports Authority also admits that all references in that document to item number 17353897 described as "DLX TREE STAND SAFTY" refer to the Ameristep Deluxe Tree Stand Safety Harness. However, The Sports Authority has made a reasonable inquiry, and based on the information known or readily obtainable, The Sports Authority cannot admit or deny that item number 17353897 and/or the corresponding product refers to the Ameristep Safety Harness that is the subject of Plaintiff's Complaint.

                    Respectfully submitted,

                    RAWLE & HENDERSON LLP


                    By: _____
                         Jon Michael Dumont
                         Nigel Greene
                         Identification Nos.: 69083 / 85121
                         The Widener Building
                         One South Penn Square
                         Philadelphia, PA 19107
                         Attorneys for Defendant,
                         The Sports Authority

Date:

## **VERIFICATION**

I, Elizabeth M. Russell, a duly authorized representative of The Sports Authority, answering defendant in the above matter hereby verify that the statements made in the foregoing Response to Plaintiffs Request for Admissions, are true and correct to the best of my knowledge, information and belief and makes these statements subject to the penalties of l8 Pa.C.S.A. § 4904 relating to unsworn falsification to authorities.

_____
ELIZABETH M. RUSSELL

Date:

## CERTIFICATE OF SERVICE

I, Nigel A. Greene, Esquire, hereby certify that on this 16th day of September, 2003, I caused a true and correct copy of the foregoing Response to Plaintiffs' Request for Admissions to be served on the following via first class mail, postage pre-paid:

> Robert C. Ewing, Esquire
> Ewing & Associates
> 115 North Monroe Street
> P.O. Box 728 Media, PA 19063
> Attorney for Plaintiffs

                                                      Nigel A. Greene

Date:   September 16, 2003